D. J. CAUDILL *v.* ANN. L. GOEBEL, GDN. ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—515.]

### Conveyance to Defraud Creditors.

It is hard to establish fraud by the evidence of those participating in it, but where a mother-in-law is insolvent and lives in the same neighborhood with her son-in-law who owns but a small amount of personal property and has no money but is on very friendly terms with his mother-in-law, who conveys to his wife and himself her real estate for a consideration of one thousand dollars, which is not

clearly shown to have been paid—these circumstances show pretty conclusively that the conveyance was made to defraud and hinder the grantor's creditors, and will be set aside at the suit of such creditors.

## APPEAL FROM CARTER CIRCUIT COURT.

### January 29, 1885.

OPINION BY JUDGE PRYOR:

The only question involved in this case is, was the conveyance by Mrs. Frizzelle to her son-in-law Caudill fraudulent as to her creditors? There can be no doubt as to the indebtedness of the mother-in-law at the time in a sum sufficient to swallow up her estate, and further that her financial embarrassment caused the execution of the conveyance to her daughter and to her son-in-law. Caudill says in his answer and also in his deposition that he knew nothing of the mother's indebtedness when she sold him the land or executed to him the deed. He lived in the same county with her or at least not many miles distant and with the conveyances that were being made of her property and the executions levied upon her land it is a little strange to say the least of it that he never heard of the pecuniary trouble that finally swept from his mother-in-law all of her estate.

There is nothing to show that they were unfriendly or in any manner estranged from each other. She was making conveyances to her daughter, the wife of the appellant, and must have disclosed in the nature of things her condition to those upon whom she was relying according to her own testimony for her support. The appellant had no property subject to execution, and no available means so far as was known to the witness, and it is not pretended by appellant that he was the owner of any property of much value except what had been conveyed to him by his mother-in-law. It is difficult to establish fraud by the testimony of those who are participants in it, but their relation to each other and the circumstances surrounding the parties will often bring it to the surface so plainly as that he who runs may see it in every act and conduct of the parties. This is that character of case. The son-in-law is insolvent, his wife made a feme sole by statute, becomes the owner of the real estate of the mother-in-law when she is largely indebted upon a consideration

expressed in the deed of $1,000 in land paid, when neither are able to tell how the money was paid and their statements are so conflicting as to entitle them to but little weight. Caudill says that five hundred dollars of the consideration was to be paid in services in renting out her lands and attending to business for her, and the other five hundred dollars was paid her in money or property such as she needed. The mother-in-law says that he paid her five hundred dollars in all; that she held his note for five hundred dollars and had given it up to him. Whether she means he had paid five hundred dollars in money and property and besides paid off the note for five hundred dollars is uncertain; but conceding that, she says that he paid it in full, and it yet remains to be explained how this money was obtained by the appellant who had no means except two cows, a horse and some little household estate. The land that he was to rent out was sold in a short time after he made the alleged purchase and therefore his services were of but little value and could not have discharged the indebtedness and from his pecuniary condition he was unable to discharge it in any other way. The pecuniary distress of Mrs. Frizzelle, the conveyance to her son-in-law, his insolvency, the sale of her entire realty a short time after the conveyance except what she had conveyed to the wife of Caudill, her daughter, manifest the intention and develop the knowledge on the part of the appellant as to the object in view. The conveyance was properly set aside.

Judgment *affirmed*.

*E. B. Wilhoit, T. W. Mitchell, for appellant.*

*E. F. Dulin, for appellee.*